Joseph G. Adams (#018210)
David G. Barker (#024657)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, Arizona 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email: jgadams@swlaw.com
Email: dbarker@swlaw.com

Attorneys for Plaintiff
Great American Duck Races, Inc.

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | |
|---|---|
| Great American Duck Races, Inc., an Arizona corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Allstar Products Group, LLC, a New York limited liability company; and SafeTV Shop, LLC, a North Carolina limited liability company,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff Great American Duck Races, Inc., which does business as Great American Merchandise & Events ("GAME"), alleges the following for its complaint against defendants Allstar Products Group, LLC ("Allstar"), and SafeTV Shop, LLC ("SafeTV") (collectively, "Defendants"):

**PARTIES**

1. GAME is an Arizona corporation with its principal place of business located in Scottsdale, Arizona.

2. Allstar is a New York limited liability company with its principal place of business in Hawthorne, New York.

19211266

3.     SafeTV is a North Carolina limited liability company with its principal place of business in Charlotte, North Carolina.

## JURISDICTION AND VENUE

4.     This civil action includes claims for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1-376.  GAME is a citizen of the State of Arizona.

5.     This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over Defendants because Defendants have committed acts of patent infringement, contributed to and/or induced acts of patent infringement by others in the District of Arizona and elsewhere in the United States. Defendants have substantial and continuous contacts with the State of Arizona, have purposefully availed themselves of the privilege of doing business in Arizona, and have purposefully directed their infringing activities at Arizona, knowing GAME would be harmed by the infringement in Arizona.  Further, Defendants have purposefully injected their infringing products into the stream of commerce, knowing that the infringing products would be sold in Arizona, and Defendants' products have in fact been sold in Arizona.

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendants are subject to personal jurisdiction here and have committed acts of infringement here, and because a substantial part of the events giving rise to GAME's claims occurred here.

## FACTUAL BACKGROUND

8.     Headquartered in Scottsdale, Arizona, GAME is an innovative marketing and merchandise company that sells popular consumer products directed at the pool and spa industry.  GAME's products are sold in a variety of well-known retail outlets, such as Fry's/Kroger, Target, Wal-mart, and Walgreens.  GAME also provides services to diverse non-profit organizations that raise millions of dollars for charities across the

1  globe with GAME's well-known "Derby Duck Races."

2        9.    GAME is the exclusive licensee of rights to a unique series of products
3  called the Underwater Light Show or Underwater Light Show & Fountain (collectively,
4  "ULS"), including the right to manufacture, advertise, promote, offer for sale, sell, and
5  distribute the ULS in the United States.  GAME has been selling the ULS since March
6  13, 2006.  Since the introduction of the products, GAME has sold over 5.0 million units
7  of ULS products.  GAME sells the ULS through national retailers, including the well-
8  known retail outlets listed above.

9        10.    The ULS provides a novel and entertaining, bright and colorful light
10 display in a body of water.  The ULS creates light shows by, for example, causing LEDs
11 to flash randomly, stay on continuously, fade from one color to the next, flash multiple
12 colors together, or to randomly cycle through various shows.  The result is an attractive
13 light display that enhances the environment in and around a body of water.

14       11.    On August 19, 2008, the United States Patent and Trademark Office
15 ("PTO") issued United States Patent Number 7,413,319 ("the '319 Patent") [attached as
16 Ex. A], entitled "METHOD AND SYSTEM FOR UNDERWATER LIGHT
17 DISPLAY," and on May 18, 2010, the PTO issued United States Patent Number
18 7,717,582 ("the '582 Patent") [attached as Ex. B], also entitled "METHOD AND
19 SYSTEM FOR UNDERWATER LIGHT DISPLAY," to Jose Longoria, Loren T.
20 Taylor, and Traci Heather Feldman.  Taylored Concepts, LLC, a New Jersey corporation
21 having its principal place of business located in Chatham, New Jersey, and Longoria
22 Design, LLC, a Florida company having its place of business located in Miami, Florida,
23 are the assignees of all right, title, and interest in and to the '319 and '582 Patents.  The
24 '319 and '582 Patents include disclosure relating to the ULS.  True and correct copies of
25 the '319 and '582 Patents are attached to this Complaint as Exhibit A and Exhibit B.

26       12.    GAME is the exclusive licensee of the '582 and '319 Patents from
27 Taylored Concepts, LLC and Longoria Design, LLC, with the exclusive right to
28 manufacture, advertise, promote, offer for sale, sell, and distribute products associated

19211266

1  with the '582 and '319 Patents in the United States, and with the right to bring suit to
2  enforce the '582 and '319 Patents, including the right to recover damages for past
3  infringement.  GAME has been the exclusive licensee throughout the period of the
4  Defendants' infringing acts and remains as such.

13.  FIGs. 4 and 8 from the '582 patent, shown below, which are similar to FIGs. 4 and 8 from the '319 patent, illustrate GAME's patented ULS:



14.  Defendants manufacture, import into the United States, and/or distribute an infringing product under the names "Bath Time Light Show" and "Party in the Tub Light" (collectively, "Bath Time Light Show").

15.  Defendants' infringing Bath Time Light Show is illustrated below:

 

16. Defendants have made, used, sold, or offered for sale Defendants' Bath Time Light Show in the United States and in Arizona, and has imported or distributed Defendants' Bath Time Light Show into the United States and into Arizona. In particular, the Bath Time Light Show has been sold at a Fry's store located in Phoenix, Arizona.

17. On information and belief, Allstar sells or offers for sale the Bath Time Light Show in a variety of channels. Among other things, Allstar advertises and markets the Bath Time Light Show on its web site located at http://allstarmg.com/product/party-tub/.

18. On information and belief, SafeTV has made or used the Bath Time Light Show by licensing certain intellectual property associated with the Bath Time Light Show to Allstar. The product packaging for the Bath Time Light Show product states that "Party in the Tub is a Trademark of Safe Tv Shop, LLC."

19. On information and belief, Allstar and SafeTV are engaged in a joint venture to make, use, sell, or offer to sell the Bath Time Light Show in the United States and in Arizona.

20. Defendants copied functional aspects of the ULS, such that Defendants' Bath Time Light Show infringes one or more claims of the '582 and '319 Patents.

21. On information and belief, prior to copying the ULS, Defendants were aware that the ULS was protected by the '582 and '319 Patents.

22. On information and belief, based on Defendants' intentional copying of the ULS and Defendants' knowledge of the '582 and '319 Patents before copying the ULS, Defendants willfully infringed the '582 and '319 Patents.

## COUNT ONE

### (Infringement of the '582 Patent)

23. GAME realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

24. Defendants have infringed and are continuing to infringe, literally and/or

- 5 -

19211266

under the doctrine of equivalents, the '582 Patent by practicing one or more claims of the '582 Patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendants' Bath Time Light Show in violation of 35 U.S.C. § 271.

25. Defendants have infringed and are continuing to infringe the '582 Patent by contributing to and/or actively inducing the infringement by others of the '582 Patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendants' Light Show in violation of 35 U.S.C. § 271.

26. On information and belief, Defendants have willfully infringed the '582 Patent.

27. Defendants' acts of infringement of the '582 Patent will continue as alleged in this Complaint unless enjoined by the Court.

28. As a direct and proximate result of Defendants' infringement of the '582 Patent, GAME has suffered and will suffer monetary damages.

29. GAME is entitled to recover from Defendants the damages sustained by GAME as a result of Defendants' wrongful acts in an amount to be determined at trial.

30. GAME has suffered irreparable harm as a result of Defendants' infringement of the '582 Patent.

31. Unless Defendants are enjoined by this Court from continuing their infringement of the '582 Patent, GAME will continue to suffer irreparable harm and impairment of the value of its patent rights. Thus, GAME is entitled to a preliminary and permanent injunction against further infringement.

## COUNT TWO
### (Infringement of the '319 Patent)

32. GAME realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

33. Defendants have infringed and are continuing to infringe, literally and/or under the doctrine of equivalents, the '319 Patent by practicing one or more claims of the '319 Patent in the manufacture, use, offering for sale, sale, and/or importation or

- 6 -

19211266

exportation of Defendants' Bath Time Light Show in violation of 35 U.S.C. § 271.

34. Defendants have infringed and are continuing to infringe the '319 Patent by contributing to and/or actively inducing the infringement by others of the '319 Patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of Defendants' Bath Time Light Show in violation of 35 U.S.C. § 271.

35. On information and belief, Defendants have willfully infringed the '319 Patent.

36. Defendants' acts of infringement of the '319 Patent will continue as alleged in this Complaint unless enjoined by the Court.

37. As a direct and proximate result of Defendants' infringement of the '319 Patent, GAME has suffered and will suffer monetary damages.

38. GAME is entitled to recover from Defendants the damages sustained by GAME as a result of Defendants' wrongful acts in an amount to be determined at trial.

39. GAME has suffered irreparable harm as a result of Defendants' infringement of the '319 Patent.

40. Unless Defendants are enjoined by this Court from continuing their infringement of the '319 Patent, GAME will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, GAME is entitled to a preliminary and permanent injunction against further infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, GAME prays for judgment against Defendants as follows:

1. For judgment in favor of GAME and against Defendants on the claims set forth above;

2. For judgment that the '582 and '319 Patents are valid, enforceable and infringed by Defendants;

3. For profits and damages resulting from Defendants' past and present infringement of the '582 and '319 Patents;

4. For judgment that Defendants' conduct on each of the claims set forth

- 7 -

19211266

1  above was willful, intentional, and/or in bad faith;

2       5.    For treble damages resulting from Defendants' willful infringement of the
3  '582 and '319 Patents under 35 U.S.C. § 284;

4       6.    For judgment that this is an exceptional case under 35 U.S.C. § 285;

5       7.    For an award of reasonable attorneys fees, including under 35 U.S.C.
6  § 285;

7       8.    For injunctive relief, preliminarily and permanently enjoining against the
8  continuing infringement of the '319 and '582 Patents by Defendants, its officers, agents,
9  servants, employees, and those persons acting in active concert or in participation with
10 them, under 35 U.S.C. § 283;

11      9.    For an order that all of Defendants' existing inventory of Defendants' Bath
12 Time Light Show be impounded and destroyed, or otherwise reasonably disposed of;

13      10.   For costs and disbursements incurred by GAME;

14      11.   For an assessment of prejudgment interest; and

15      12.   For any other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

GAME hereby demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure as to all issues in this lawsuit of which trial by jury is permitted.

Dated this 8th day of May, 2014.

                         SNELL & WILMER L.L.P.

                         By: s/ Joseph G. Adams
                            Joseph G. Adams
                            David G. Barker
                            One Arizona Center
                            400 E. Van Buren
                            Phoenix, Arizona 85004-2202
                            Attorneys for Plaintiff
                            Great American Duck Races, Inc.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

19211266